Zimmerman, J.
 

 The sole question for determina-’ tion is whether under the facts narrated the Erie Bail-road Company is amenable to garnishment proceedings in Ohio to require it to apply a part of the salaries of its employees Siemen and Murray, payable in New York, to the. satisfaction of plaintiff’s judgment.
 

 The railroad company says it is not, because the attachment and garnishment statutes of Ohio do not have extraterritorial effect.
 

 Section 1579-11, General Code, gives the Municipal Court of Cleveland jurisdiction in ancillary and supplemental proceedings before and after judgment, including attachment and aid of execution, for which authority is conferred upon the Common Pleas Court op justices of the peace.
 

 
 *386
 
 The applicable statutes with regard to proceedings in aid of execution in the Common Pleas Court are Sections 11760 to 11788, inclusive, General Code. The corresponding proceedings in aid of execution statutes relating to the justices’ courts are Sections 10436 to 10443, inclusive, General Code. In reading these statutes we find no limitation on the right of a plaintiff to resort to proceedings in aid of execution against a foreign corporation doing business in Ohio in the situation presented.
 

 It is now established in the Federal courts and in many of the state courts that for the purposes of garnishment a debt has no fixed situs and may be reached in any jurisdiction in which the person owing it may be found and served with summons, if the person to whom the debt was due could sue his debtor therefor in that jurisdiction. Annotation in 27 A. L. R., 1396, 1399; 4 American Jurisprudence, 589, Section 66
 
 et seq.; 38
 
 Corpus Juris Secundum, 338, Section 125. See, also, Restatement of Conflict of Laws, 165, Section 108, and Bestatement of Judgments, 14.5, Section 36.
 

 Hence, “it is well settled that a foreign corporation authorized to do business in a state and subject to process therein, may be garnisheed on a debt owing to a nonresident of the state, provided the corporation could be sued in such state by its creditor, on the debt sought to be garnisheed.”
 
 Morris W. Haft & Bros., Inc.,
 
 v.
 
 Wells
 
 (C. C. A., 10), 93 F. (2d), 991, 995. Compare, 4 Ohio Jurisprudence, 122, Section 86
 
 et seq.
 

 Here, the Erie Eailroad Company is operating in Ohio and may be served with summons in this state. Moreover, Siemen and Murray would have the right to sue it in Ohio on the debt, in the form of salary, sought to be garnisheed.
 

 While some of the earlier Ohio cases - support the principle that a debt, the situs of which is outside Ohio,
 
 *387
 
 is not subject to garnishment, in Ohio (4 Ohio Jurisprudence, 123, Section 87), we think the better rule, .in line with the weight of modern authority, is as stated above. Compare,
 
 Root & McBride Bros.
 
 v.
 
 Davis,
 
 51 Ohio St., 29, 36 N. E., 669, 23 L. R. A., 445.
 

 The railroad company relies strongly on; the case of
 
 Buckeye Pipe Line Co.
 
 v.
 
 Fee,
 
 62 Ohio St., 543, 57 N. E., 446, 78 Am. St. Rep., 743. There the question was whether an Ohio court, by virtue of attachment proceedings, had such control and jurisdiction over tangible personal property of the defendant, located in Indiana and in the possession of the garnishee, as bailee, as would enable the court to make a valid .order requiring the garnishee to deliver such property into the custody of the court in Ohio. This' court said “No,” pointing out not only that personal property when attached must be seized and taken into custody within the state to give jurisdiction over it, but that the defendant whose property was being pursued had no right of action in Ohio against the garnishee in connection with such property.
 

 The
 
 Fee case
 
 is in harmony with the rule adopted in Bestatement of Judgments, 144, Section 35, that ‘.‘A court hy proper service of process may acquire jurisdiction to apply to the satisfaction of a claim a chattel belonging to a person against whom the claim is assorted, in ’ the- possession or under' the control of a third person, if (a) the third person is subject,to.the jurisdiction.of the Court; and (b) the chattel is within the jurisdiction of the court.”
 

 It-is evident- that the cases make a distinction between a debt and tangible goods.- As to the .latter, when they are not in the possession of the garnishee within the jurisdiction of the court out of which the attachment issues, the court has no authority over them. 38 Corpus Juris Secundum, 338, Section 124.
 

 
 *388
 
 For the reasons stated, the judgment of the Court of Appeals is affirmed.
 

 Judgment
 
 affirmed.
 

 Weygandt, C. J., Matthias, Hart, Bell, Williams and Turner, JJ., concur.